NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO VILLEDA MIRANDA, et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72637 <br><br> Agency Nos. A095-129-475 <br> A208-574-875 <br> A208-574-876 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022**
San Francisco, California

Before: CLIFTON and M. SMITH, Circuit Judges, and REISS,*** District Judge.

Petitioner Jose Antonio Villeda Miranda ("Petitioner Jose Villeda") and two

of his minor sons (collectively, "Petitioners"), natives and citizens of Honduras,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

seek review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of withholding of removal. The BIA held that the harm suffered by Petitioners did not rise to the level of past persecution and they failed to sustain their burden of showing it would not be reasonable for them to relocate within Honduras. We conclude the BIA's findings are supported by substantial evidence, Sharma v. Garland, 9 F.4th 1052, 1060 (9th Cir. 2021), and deny the petition.

Petitioner Jose Villeda has entered the United States on five prior occasions and was removed each time. On April 30, 2016, he and his sons sought entry into the United States and were placed into removal proceedings. Petitioners filed applications for asylum and withholding of removal. On August 17, 2018, the IJ found the one-year bar precluded consideration of Petitioners' asylum claims. On the merits, the IJ denied withholding of removal and protection under the Convention Against Torture ("CAT") and entered a removal order. Petitioners appealed only the IJ's denial of withholding of removal. The BIA dismissed their appeal.

Because the parties are familiar with the facts, we recite only those necessary to decide the petition. Petitioners claim denial of withholding of removal was not supported by substantial evidence because on September 22, 2014, Petitioner Jose Villeda discovered an unknown young man attempting to

rape the eleven-year-old daughter of his domestic partner. The assailant fled the scene, and Petitioner Jose Villeda followed him. The assailant threw rocks at Petitioner Jose Villeda and approximately three struck him. He was rendered unconscious, treated at a clinic, and experienced temporary vision loss.

Thereafter, members of the gang to which the assailant belonged came to Petitioner Jose Villeda's house and threatened to kill him and his children. Petitioner Jose Villeda reported the attempted rape and rock-throwing incident to the police, who refused to intervene. He believes the gang that threatened him was MS-13 but conceded he did not know the identity or affiliation of the gang members. Petitioners left Honduras in November 2014 and lived in Mexico prior to their arrival in the United States. They have family members in Honduras who remain unharmed.

The record does not compel a conclusion that Petitioners' alleged harm rises to the level of past persecution. See Nagoulko v. INS, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'") (citation omitted); Sharma, 9 F.4th at 1061–62 (holding that "an isolated incident" generally does not rise to the level of persecution); Hussain v. Rosen, 985 F.3d 634, 647 (9th Cir. 2021) (explaining that "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution" and that although petitioner's father was threatened, "no harm ever

came to his father, mother, or siblings"). Because the BIA correctly concluded that Petitioners did not suffer past persecution, it properly placed the burden on them to establish that it would not be reasonable for them to relocate within Honduras. See 8 C.F.R. § 1208.16(b)(3)(i) ("In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate, unless the persecutor is a government or is government-sponsored."). The BIA's determination that Petitioners failed to sustain their burden is supported by substantial evidence.

**PETITION DENIED.**